# UNITED STATES NAVY–MARINE CORPS
# COURT OF CRIMINAL APPEALS

———————————

**No. 201700262**

———————————

**UNITED STATES OF AMERICA**
Appellee

v.

**JASMINE N. MCCLENDON**
Aviation Structural Mechanic Airman (E-3),
U.S. Navy
Appellant

———————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Captain Bethany L. Payton-O'Brien, JAGC, USN.
Convening Authority: Commander, Navy Region Southwest, San Diego, California.
Staff Judge Advocate's Recommendation: Captain Donald C. King, JAGC, USN.
For Appellant: Captain Bree A. Ermentrout, JAGC, USN.
For Appellee: Major Kelli A. O'Neil, USMC; Lieutenant Kimberly Y. Rios, JAGC, USN.

———————————

Decided 26 February 2018

———————————

Before HUTCHISON, FULTON, and SAYEGH, *Appellate Military Judges*

———————————

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

———————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to her pleas, of one specification of conspiracy, one specification of violating a lawful order, one specification of violating a lawful general order, five specifications of wrongfully using controlled substances, and five specifications of wrongfully introducing a controlled substance onboard an installation with the intent to distribute, in violation of Articles

81, 92, and 112a, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 881, 892, and 912a. The military judge sentenced the appellant to reduction to pay grade E-1, three years' confinement, forfeiture of all pay and allowances, and a dishonorable discharge. In accordance with a pretrial agreement, the convening authority approved the sentence as adjudged, but suspended confinement in excess of 14 months.

In her sole assignment of error, the appellant contends that her sentence to a dishonorable discharge is inappropriately severe considering her mental health history, prior service, rehabilitation efforts while in confinement, and willingness to cooperate with the Naval Criminal Investigative Service. The appellant requests that we approve only a bad-conduct discharge.

After careful consideration of the record of trial and the parties' pleadings, we are satisfied that the findings and sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c).

## I. BACKGROUND

In December 2016, the appellant was awarded 60 days' restriction following Article 15, UCMJ, punishment for wrongful use of cocaine. During this period of restriction, the appellant committed the offenses for which she pleaded guilty at court-martial. Specifically, the appellant admitted to possessing drug paraphernalia (vaporizer pen), conspiring to introduce controlled substances onto the installation, and introducing and using cocaine, methamphetamine, psilocybin mushrooms, lysergic acid diethylamide (LSD), and tetrahydrocannabinol (THC). The appellant also admitted that she wrongfully used her cell phone—which she was prohibited from using while on restriction—to facilitate the purchase and delivery of these controlled substances onto a military installation.

During the presentencing hearing, the appellant presented evidence in extenuation and mitigation through a lengthy unsworn statement.[1] In her statement, she discussed her difficult upbringing, being sexually abused as a minor, her enlistment at age 17 as a solution to running away, and her mental, emotional, and relational challenges since enlisting. The appellant explained that "Coming to the brig was definitely the best thing that's ever happened to me."[2] She began to study Buddhism, take drug addiction classes, and had maintained her sobriety for 127days prior to her trial.

---

[1] Record of trial at 129-146.

[2] *Id.* at 139.

## II. DISCUSSION

We review sentence appropriateness *de novo. United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). "Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment [s]he deserves." *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires our "individualized consideration of the particular accused on the basis of the nature and seriousness of the offense and the character of the offender." *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (citation and internal quotation marks omitted). In making this assessment, we analyze the record as a whole. *Healy*, 26 M.J. at 395. Despite our significant discretion in determining sentence appropriateness, we must remain mindful that we may not engage in acts of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The appellant asserts that a dishonorable discharge is inappropriately severe. We disagree.

The appellant admitted to using various forms of illegal drugs on multiple occasions while on restriction for a previous drug use. Furthermore, she conspired with other Sailors to purchase multiple drugs, bring those drugs onto a military installation to the restriction barracks, in order to distribute them, all while violating a lawful order not to possess a cell-phone. Her offenses are serious—the maximum sentence the appellant could have been adjudged based on the crimes for which she was found guilty included more than 117 years of confinement and a dishonorable discharge. Her brazen misconduct while on restriction, her inclusion of other Sailors in her crimes, and her intent to distribute drugs to other Sailors far outweigh her extenuating and mitigating circumstances.

Having given individualized consideration to the nature and seriousness of these crimes, the appellant's limited record of service, and all other matters contained in the record of trial, we conclude the sentence is not inappropriately severe and is appropriate for this offender and her offenses. *United States v. Baier*, 60 M.J. 382, 384-85 (C.A.A.F. 2005); *Healy*, 26 M.J. at 395-96; *Snelling*, 14 M.J. at 268. Granting sentence relief at this point would be to engage in clemency, which we decline to do. *Healy*, 26 M.J. at 395-96.

## III. CONCLUSION

The findings and sentence are affirmed.

For the Court



R.H. TROIDL
Clerk of Court